UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH M. CASSELLS,

         Plaintiff,

   v.

SECRETARY OF CAL. DEPT. OF
CORRECTIONS & REHABILITATION,
et al.,

        Defendants.

No.  2:15-cv-1446 WBS CKD P (TEMP)

ORDER

     Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

     Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the court will grant plaintiff's request to proceed in forma pauperis.

     Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

3   1915(b)(2).

4                                   **SCREENING REQUIREMENT**

5          The court is required to screen complaints brought by prisoners seeking relief against a

6   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

7   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

8   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

10  U.S.C. § 1915A(b)(1) & (2).

11         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

19  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22  However, in order to survive dismissal for failure to state a claim a complaint must contain more

23  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

24  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

25  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

26  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

27  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

28  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S AMENDED COMPLAINT

Plaintiff commenced this action by filing a document styled "Motion for Enforcement of Consent Decree Based on Contempt of Decree" in the United States District Court for the Northern District of California.  (ECF No. 1.)  The Northern District construed plaintiff's filing, in part, as a motion seeking enforcement of the consent decree or other orders in Plata v. Brown, No. 01-cv-1351 TEH.  (Id.)  The court informed plaintiff that individual inmates are not allowed to file pro se motions in Plata because members of the plaintiff class are represented by parties and could file motions through their counsel of record.  (Id.)  Due to this disallowance of pro se motions in Plata, the Northern District dismissed plaintiff's "Motion" insofar as he sought to enforce the consent decree or other orders in Plata.  (Id.)  The Northern District also liberally

3

1   construed plaintiff's "Motion" as a civil rights complaint because he alleged that prison officials

2   violated his civil rights.  (Id.)  However, because the alleged violations giving rise to the

3   complaint took place at CMF-Vacaville, the Northern District transferred the case to this court

4   where venue would be proper over any cognizable claims.  (Id.)

5          After the Northern District transferred the case to this court, plaintiff filed a

6   "Memorandum of Points and Authorities in Support of his Motion for Enforcement of Consent

7   Decree Based on Contempt of Decree."  (ECF No. 6)  He also filed a first amended complaint.

8   (ECF No. 10)  As best as this court can tell, plaintiff maintains that prison officials have refused

9   and/or delayed his referral to the Board of Parole Hearings for an early release.  (See generally

10  Pl.'s Mem. of P. & A. (ECF No. 6) & Pl.'s Am. Compl. 1-45 (ECF No. 10.)  Plaintiff alleges that

11  he fits the class criteria in Plata to be referred to the Board of Parole Hearings for early release

12  because he is a non-violent second strike offender serving a "determinate sentence" with only five

13  years remaining, and he is totally medically disabled.  (Id.)  In terms of relief in this civil rights

14  action, plaintiff requests injunctive relief and monetary damages.  (Id.)

15                                              **DISCUSSION**

16         The allegations in plaintiff's amended complaint are so vague and conclusory that the

17  court is unable to determine whether the current action is frivolous or fails to state a claim for

18  relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P.

19  8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

20  notice to the defendants and must allege facts that support the elements of the claim plainly and

21  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

22  must allege with at least some degree of particularity overt acts which defendants engaged in that

23  support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R.

24  Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file a

25  second amended complaint.

26         If plaintiff chooses to file a second amended complaint, he must allege facts

27  demonstrating how the conditions complained of resulted in a deprivation of his federal

28  constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The second

1   amended complaint must allege in specific terms how each named defendant was involved in the

2   deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is

3   some affirmative link or connection between a defendant's actions and the claimed deprivation.

4   Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at

5   743.  Vague and conclusory allegations of official participation in civil rights violations are not

6   sufficient.  Ivey, 673 F.2d at 268.

7        As the Northern District previously informed plaintiff, insofar as plaintiff is a member of

8   the Plata class and seeks to enforce the consent decree or other orders in that case, he must

9   contact the plaintiff class counsel of record.  (ECF No. 3.)  Insofar as plaintiff seeks to bring

10  claims against prison officials for violations of his civil rights, in any second amended complaint

11  he elects to file, plaintiff must clarify what constitutional right he believes each defendant has

12  violated and support each of his claims with factual allegations about each defendant's actions.  It

13  is simply not clear from plaintiff's filings what constitutional violations he believes have taken

14  place.  Plaintiff is advised that remedial orders do not have the effect of creating or expanding

15  plaintiff's constitutional rights.  See, e.g., Carson v. Johnson, No. 1:13-cv-00128 JLT (PC), 2013

16  WL 440797 at *3 (E.D. Cal. Feb. 4, 2013) (prisoner could not pursue an action based on prison

17  officials' alleged failure to comply with Plata settlement agreement) (citing Cagle v. Sutherland,

18  334 F.3d 980, 986-87 (11th Cir. 2003) (consent decrees often go beyond constitutional minimum

19  requirements but do not create or expand rights); Green v. McKaskle, 788 F.2d 1116, 1123 (5th

20  Cir. 1986) (remedial decrees remedy constitutional violations but do not create or enlarge

21  constitutional rights)).

22       Plaintiff is informed that the court cannot refer to a prior pleading in order to make his

23  second amended complaint complete.  Local Rule 220 requires that an amended complaint be

24  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

25  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

26  Cir. 1967).  Once plaintiff files a second amended complaint, the prior pleading no longer serves

27  any function in the case.  Therefore, in a second amended complaint, as in an original complaint,

28  each claim and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's amended complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in dismissal of this action without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated:  May 10, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

ec
cass1446.14am